U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 24

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHERINE J. MORRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-547-A |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the above-captioned action wherein Katherine J. Morris is plaintiff and the Commissioner of Social Security, currently Michael J. Astrue, is defendant. On June 10, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation,[1] and granted the parties until July 1, 2008, in which to file and serve any written objections thereto. On July 1, 2008, Morris filed her objections, and the court ordered the government to respond. For the reasons given below, the court has concluded that it should accept the proposed findings, conclusions and recommendation of

---

[1] Citations to the proposed findings, conclusions, and recommendation issued by the United States Magistrate Judge will be "FC&R."

the United States Magistrate Judge and affirm defendant's decision.

I.

Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical

facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendation, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court now makes that determination in the context of the basic principles mentioned above.

II.

Plaintiff's Objections and Rulings Thereon

Plaintiff's first objection is to what she takes to be a determination by the magistrate judge that an error of the Administrative Law Judge related to his findings of fact and

3

application of law at Step Three of the disability benefits analysis did not affect her substantial rights.[2] In pertinent part, the ALJ found that:

> 3. The medical evidence establishes that claimant has severe impairments, including degenerative disc disease at the L3-S1 levels, with radiculopathy; chronic neck and shoulder pain; and a chronic pain syndrome. Claimant has histories of hypertension and asthma, but she does not have an impairment or combination of impairments that are listed in, or that equal in severity an impairment found in the Listing of Impairments at 20 CFR Part 404, Subpart P, Appendix 1.

Tr. at 34. The magistrate judge, considering the foregoing finding of the ALJ, found and concluded that:

> The ALJ summarized the medical record, but did not provide insight into his determination that Morris failed to meet or equal a listed muscoloskeletal impairment. The ALJ did not refer to Listing 1.04 specifically or explain in what manner Morris failed to satisfy the listing, and has not provided the reasoned assessment required in this Circuit. The ALJ's culpability for this omission is minimal given that he issued his decision before the Fifth Circuit issued the <u>Audler</u> opinion, but the deficiency is still one that places his Step Three determination "beyond meaningful judicial review." <u>See id.</u> Nonetheless, Fifth Circuit precedent does not require remand unless substantial rights have been affected. <u>Id.</u>; <u>Mays v. Bowen</u>, 837 F.2d 1362, 1364 ([5th Cir.] 1988). The ALJ's failure to set out a basis for his decision at Step Three affects substantial rights when the claimant appears to have

---

[2]At Step Three, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the appendix to the regulations. Social Security Administration, Evaluation of Disability, 20 C.F.R. §§ 404.1520(d) & 416.920(d) (2007).

4

> met his burden to demonstrate that he meets or equals a listing. See Audler, 501 F.3d at 449....Morris has not demonstrated that the ALJ's conclusory determination at Step Three has affected her substantial rights.

FC&R at 17-18. Thus the magistrate judge concluded under the authority of Audler v. Astrue, 501 F.3d 446 (5th Cir. 2007), that the ALJ erred. However, Morris's substantial rights have not been affected.

First, the magistrate judge appropriately noted that the effect of the ALJ's error at Stage Three is minimal given that his decision issued before the Fifth Circuit decided Audler. Second, the Fifth Circuit is reluctant to impose "formalistic rules" regarding the contents of an administrative decision. See Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). Thus, the ALJ's failure to set forth the basis for his decision at Step Three affects substantial rights only where the claimant appears to have met her burden to demonstrate that she meets or equals a listing. See Audler, 501 F.3d at 449. In Audler, the Fifth Circuit found claimant's rights substantially affected, and reversed the ALJ's decision because the uncontradicted medical evidence appeared to establish that the claimant met her burden to demonstrate that she met or exceeded the Listing requirements

5

of §1.04A. See id. In contrast to Audler, Morris has made no such showing.

Morris contends that she has established that she has an impairment that satisfies the requirements of § 1.04 of the Listing, and sets forth evidence from the record that allegedly supports her contention. However, the medical expert, Dr. O.D. Raulston ("Raulston"), expressly testified that Morris's impairments did not meet or equal a listing, in part due to a lack of neurological deficits and relatively mild findings on the discogram. Tr. at 374. Additionally, as noted by the magistrate judge, a "Lumbar Spine RFC Questionnaire" completed by Morris's treating physician, Dr. Jacob Rosenstein ("Rosenstein"), reported no issues with sensory loss, reflex changes, muscle spasms, muscle atrophy, or muscle weakness, all of which are objective signs included in Listing 1.04. FC&R at 17; Tr. at 325-329. Indeed, the ALJ expressly referred to this questionnaire in his decision, observing that Rosenstein's notes reflected that Morris had "retained normal strength, functional sensory and reflex systems, and an independent gait." Tr. at 30. Thus, unlike the claimant in Audler, Morris has failed to meet her burden to establish that she met or equaled a Listing requirement for §

1.04A, and she cannot demonstrate that her substantial rights have been affected.

Plaintiff next objects that the ALJ failed to adequately consider Morris's mental and emotional impairments and failed to conduct a proper mental residual functional capacity assessment ("RFC"). This objection is without merit. A review of the ALJ's decision reveals that he properly evaluated Morris's mental impairment pursuant to 20 C.F.R. § 404.1520a. The ALJ first found that Morris had "severe mental impairments;" he subsequently evaluated those impairments according to the functional areas listed in § 404.1520a(c)(3), finding that

> Claimant's severe mental impairments has [sic] led to a moderate degree of difficulty in her ability to maintain concentration, persistence or pace and a mild degree of difficulty in her ability to maintain social functioning, but it has not led to restrictions in her activities of daily life and she has not experienced extended episodes of decompensation. Furthermore, there is no indication of a disorder [sic] has led to repeated, extended episodes of decompensation or resulted in such a marginal adjustment that even minimal increases in mental demands or environmental changes would cause decompensation and she has been able to function outside of a highly supportive living arrangement. Furthermore, there is no indication that, secondary to an anxiety disorder, she is completely unable to function independently outside the area of her home.

Tr. at 34 (Finding no. 4).

The record also clearly demonstrates that the ALJ conducted the required RFC and discussed his findings in detail. Tr. at 31-33. The RFC is "used at both steps four and five of the sequential analysis: at the fourth step to determine if the claimant can still do his past relevant work, and at the fifth step to determine whether the claimant can adjust to any other type of work." Perez v. Barnhart, 415 F.3d 457, 462 (5th Cir. 2005)(citing 20 C.F.R. § 404.1520(e)). Here, the ALJ found Morris was not disabled at the fifth step of the sequential analysis. Tr. at 32. The ALJ discussed his findings and the medical records, findings, work history, impairments, and other evidence on which the RFC was based, beginning under the heading "Residual Functional Capacity Assessment." Tr. at 31. Morris cannot seriously maintain an argument that the ALJ failed to conduct the required RFC.

Morris further objects because the magistrate judge rejected the opinion of her treating physician and gave greater weight to the opinion of Raulston, the medical expert witness. Morris further contends that had the ALJ accorded proper weight to the treating physician, he surely would have concluded that she "was unable to engage in substantial gainful activity." Obj. at 5.

The ALJ was entitled to determine the credibility of the medical experts and weigh their opinions accordingly. Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir. 1990). While the opinion of a treating physician is normally accorded considerable weight in determining disability, the ALJ may give less weight to a treating physician's opinion when that opinion is so brief and conclusory that it lacks strong persuasive weight, is not supported by medically acceptable clinical laboratory diagnostic techniques, or is otherwise unsupported by the evidence. Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985). A treating physician's opinion may also be rejected if the record reflects that the physician is not credible and is "leaning over backwards to support the application for disability benefits." Id. (citing Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982)). In any event, a treating physician's opinion is not conclusive, and the ALJ bears the "sole responsibility for determining the claimant's disability status." Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).

In this case the ALJ did not give controlling weight to Rosenstein's opinion as expressed in the functional capacity assessment he completed on November 20, 2006. In that same assessment, Rosenstein's treatment notes indicated Morris did not

9

exhibit any sensory loss, abnormal gait, muscle spasm, or muscle atrophy. Tr. at 326-329. The ALJ additionally noted that Rosenstein had prepared a work release in June 2006 as part of his routine care that released Morris to work at a sedentary level of duty. Rosenstein's findings are not consistent with Morris's contention that she is disabled, and, as the ALJ found, are consistent with Raulston's finding that she is able to perform a modified range of sedentary work activities. Tr. at 31. The ALJ therefore had good cause for not according controlling weight to the treating physician's opinion.

Plaintiff further objects that the magistrate judge erred in determining the proper role of the medical expert. According to Morris, "the ALJ called upon the services of a medical advisor to refute the opinion of the treating physician." Obj. at 4. Morris misconstrues the nature of the medical expert's testimony. Nothing in the record supports the contention that Raulston was engaged simply to refute Morris's testimony. A medical advisor is a "neutral advisor" used "for explanation of medical problems in terms understandable to the layman-examiner." Richardson, 402 U.S. at 408. A review of the transcript reveals that, under questioning from Morris's counsel, this is exactly what Raulston did. The fact that his opinions and conclusions were unfavorable

10

to Morris does not alter the propriety of his presence at the hearing. See id.

### III.

### Conclusion and Order

For the reasons stated above, all objections of plaintiff are without merit. Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations. Consistent therewith,

The court ORDERS that the Commissioner's decision that plaintiff did not qualify for a period of disability and disability insurance benefits be, and is hereby, affirmed.

SIGNED October 24, 2008.

_____
JOHN McBRYDE
United States District Judge